**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LANIER BROWN, # 433-019, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-16-3995 |
| OFFICER MATTHEW MYERS, *et al.* | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion filed by Defendants Baltimore County, Maryland, Baltimore County Police Department Chief Terrence Sheridan, and Officers Matthew Myers, Tracy Ather, Derek Clark, Robert Estes, David Garner, Joseph Peach, Gene Pryor, and Steven Inge (collectively, "Defendants") to "transfer" this case from the Southern Division of the United States District Court for the District of Maryland to the Northern Division. ECF No. 37. Plaintiff Lanier Brown opposes the motion. ECF No. 38. The Court now rules because no hearing is necessary. D. Md. Loc. R. 105.6. For the following reasons, Defendants' motion is DENIED.

Defendants move under 28 U.S.C. §§ 1404(a) and 1406(a), arguing that the "transfer is justified for the convenience of parties and witnesses in the interest of justice." ECF No. 37 at 1. However, contrary to Defendants' position, "[t]here is no 'right' to assignment within a specific division." *Alabakis v. Iridium Holdings, LLC*, No. DKC 2007-2032, 2007 WL 3245060, at \*1 (D. Md. Nov. 1, 2007). Rather, jurisdiction and venue concern questions of case assignment as between districts, not between divisions within one district. *Id.* (noting that the language in 28 U.S.C. § 1406 (a) referring to the "wrong division" is "vestigial and meaningless"); *see also* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3809 (4th ed. 2018).

1

Thus, "trial courts should entertain Section 1404(a) motions for intra-district change of venue with caution, and should not grant the requested relief unless the balancing of convenience and public interest factors results in a firm conclusion that the proposed new venue is decidedly more convenient and in the interest of justice." *Alabakis*, 2007 WL 3245060, at *1.

Defendants' only argument for transfer is that they, as well as witnesses, live closer to the Baltimore federal courthouse than the Greenbelt courthouse. ECF No. 37-2. Plaintiff responds that distance alone does not speak to "convenience," and instead asks the Court to consider "travel time." The Court need not resolve the parties' time-versus-distance debate, because even under the worst of commuting circumstances for Defendants, the proffered distances to the Greenbelt courthouse are a far cry from "major inconvenience" warranting reassignment to the Northern Division.

The Court notes that the matter has been pending for two years. This Court is familiar with the case, has ruled on substantive motions, and views with some skepticism the notion that Defendants believe transfer is warranted *now* because *if* the case proceeds to trial, Defendants and certain witnesses *may* have a longer commute than they would if trial were in Baltimore. Defendants' contention certainly does not justify transfer to a Baltimore judge (who would be unfamiliar with this case) to avoid Defendants possibly one day traveling a little farther than they would otherwise prefer. Indeed, Defendants' claimed inconvenience of traveling the I-95 corridor, should this case proceed to trial, is shared by many people who make the same or longer commute – year-round – just to make ends meet.

Accordingly, it is this 14th day of January 2019, by the United States District Court for the District of Maryland, hereby ordered that Defendants' motion to transfer division is

DENIED.  The Clerk SHALL PROVIDE a copy of this Memorandum Opinion and Order to the

parties.

_____/S/_____
Paula Xinis
United States District Judge
